UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
DALVIN TURNER and STEVE HALL,

                  Plaintiffs,

-against-

THE CITY OF NEW YORK,
TODD CRACCO, and JOHN and
JANE DOES 1-5,

                  Defendants.
------------------------------X

SUMMONS ISSUED
CV 13 2229
MAUSKOPF, J.
COMPLAINT
POHORELSKY, M.J.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

        Plaintiffs Dalvin Turner and Steve Hall, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Dalvin Turner, was an adult male resident of Kings County, within the State of New York.

        2.     At all times hereinafter mentioned, plaintiff Steve Hall was an adult male resident of Queens County, within the State of New York.

        3.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        4.     At all relevant times hereinafter mentioned, defendant Todd Cracco (Tax 928121), was an adult male employed by the City of New York as a member of the

NYPD. Defendant Cracco is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendants John and Jane Does 1-5, were individuals employed by the City of New York as members of the NYPD whose identities are unknown. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

8. On January 13, 2011, at or between 5:00 to 6:00 p.m., plaintiffs were lawfully present inside a business located at 406 Marcus Garvey Boulevard in Brooklyn, New York.

9. As of the date of this event, defendant Cracco and the Doe defendants are believed to have been assigned to the Narcotics Bureau Brooklyn North ("NBBN") unit, which is part of the Narcotics Division.

10. At this time, the defendants entered the premises and seized and handcuffed both plaintiffs.

11. The defendants searched the premises, utilizing at least one canine to

assist in the search.

12. The search yielded no evidence of guns, drugs, or other contraband, in either plaintiff's possession.

13. Plaintiffs were not engaged in any unlawful or suspicious activity prior to or at the time of defendants' entry.

14. Although there was no legal basis to seize either plaintiff, defendants placed the plaintiffs on the floor handcuffed for about 15-20 minutes and then eventually transported them to a local area NYPD station house for processing.

15. While at the NYPD station house, both plaintiffs were subjected to a strip search.

16. The plaintiffs were later transported to Kings County Central Booking to await arraignment.

17. While at Central Booking both plaintiffs were again subjected to a strip search.

18. Eventually the Kings County District Attorney's Office declined to prosecute either plaintiff and they were summarily released from Central Booking.

19. It was objectively unreasonable for the defendants to arrest either plaintiff, as there was no evidence that either had engaged in any unlawful conduct.

20. At no time did there exist sufficient cause to seize or arrest either plaintiff, nor could the defendants have reasonably believed that such cause existed.

21. At no time did any of the individual defendants take any steps to

intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against the plaintiffs.

22. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

23. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

24. Plaintiff repeats the allegations contained in paragraphs "1" through "23" above as though stated fully herein.

25. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

26. Defendants willfully and intentionally seized, searched, arrested, and imprisoned the plaintiffs without probable cause, and did so without a reasonable basis to believe such cause existed.

27. By doing so, the individual defendants, individually and collectively, subjected plaintiffs to unlawful searches of person and property, false arrest and

imprisonment, and thereby violated plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

28. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused the plaintiffs to be deprived of their federal constitutional rights, to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

29. Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

30. The individual defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause generally, and within the Narcotics Bureau specifically.

31. More precisely, under this policy or plan, officers within the Narcotics Bureau generally, and in the NBBN in particular, including the individual defendant, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing contraband in plain view or otherwise in the possession of each of the persons arrested.

32. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

33. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

34. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

35. Evidence of this plan can be found, for example, in the vast array of litigation against members of the NBBN alleging that these officers have routinely arrested all individuals present in residences or businesses where contranband is found, regardless of the absence of any reasonable basis to believe that the persons being arrested could be charged for constructive possession of the recovered contraband.

36. Moreover, in October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and

falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

37. In sum, there is in place at the NBBN a policy by which NBBN officers routinely arrest people without regard for probable cause and then fabricate evidence to justify these arrests when probable cause does not exist. This practice is tolerated by the municipal defendant because it helps create artificially high arrest numbers.

38. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau generally and the NBBN in particular, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

39. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused the plaintiffs to be deprived of their federal constitutional rights, to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action, actual damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 11, 2013

By: /s/ Michael Lumer

Michael Lumer
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743